THE HONORABLE FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>BONNEVILLE HOT SPRINGS, INC., d/b/a/ BONNEVILLE HOT SPRINGS RESORT & SPA,<br><br>    Defendant. | Case No. 3:07-cv-05321-FDB<br><br>PROTECTIVE ORDER |

The Court, having considered the motion of defendant, Bonneville Hot Springs, Inc. ("Bonneville"), and having no objection from plaintiff Equal Employment Opportunity Commission ("EEOC") or plaintiff-intervenors Heather Gibbons ("Gibbons") and Christina Sibbett ("Sibbett"), hereby determines that certain documents produced in this litigation contain information which is considered confidential. In order to protect these documents, this Court hereby orders the following Protective Order:

**1. Scope and Purpose of this Order:** This Protective Order shall govern the designation and handling of protected documents and information produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure. This Protective Order does not affect any party's obligations

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancourvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential nature.  The categories of information covered by this order are as follows:

    **a.**    Bonneville's personnel files for any and all current and former employees (other than plaintiff-intervenors);

    **b.**    Bonneville's financial documents; and

    **c.**    Any personally identifying information for current or former employees of Bonneville, including but not limited to social security numbers, dates of birth, and financial account numbers.

**2.**    **Standard for Protected Documents:** Any person who is required to produce documents or information in discovery in this litigation may designate material as a confidential pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes one of the categories of information identified in paragraph 1.  If a party believes that documents that do not fall within one of the categories identified in paragraph 1 should be protected they must initiate a conference call between all named parties and secure a stipulation to add this category to paragraph 1 or pursue the issue with the Court.

**3.**    **Protected Documents:** Protected document(s) are those documents marked "CONFIDENTIAL" by any party. These documents, referred to hereinafter as "confidential documents" will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.  Protected documents shall include the document and any information contained therein that constitutes one of the categories of information identified in paragraph 2.

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

**4.     Designating Protected Documents:**

   **a.     Marking Protected Documents**: Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

   **b.     Designating Deposition Testimony:** Any party or non-party wishing to designate deposition testimony or deposition exhibits previously identified as confidential may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.  To the extent reasonably practicable, the parties should avoid designating entire transcripts as "Confidential" where only a portion thereof or the exhibits used therewith qualify for protection under this order.

   **c.     Subsequent Designation:** A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by the any party as confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked in accordance with paragraph (4)(a).  No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

   **5.     Maintaining Designated Protected Documents:** Any protected document

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

must be maintained in a manner reasonably calculated to preserve its confidentiality.

**6.     Disclosure of Protected Documents:**

    **a.**     Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.  The documents marked confidential can be disclosed only in the context of the prosecution or defense of the instant litigation.

    **b.**     Protected documents identified in paragraphs 1(a) and 1(b) may be delivered, exhibited or disclosed to the following persons subject to the limitations in paragraph (5) of this Protective Order:

        i.     Counsel representing the plaintiff in intervention and the defendant in this case and any paralegal, clerical or other agent of such counsel assisting in the prosecution or defense of this litigation;

        ii.    Counsel for the EEOC and any attorneys, staff, paralegals and legal interns/externs employed by the EEOC;

        iii.   Any copying services hired by counsel to copy documents in bulk;

        iv.    The court or any court personnel subject to the limitations of paragraph (7);

        v.     Any person testifying or attending a deposition subject to the limitations of paragraphs (4)(b) and (5) of this Protective Order;

        vi.    Any person identified as having authored or having previously received the protected document(s);

        vii.   The parties and their representatives[1] for any purpose in this litigation;

        viii.  Independent experts who have been retained by a party to give expert testimony or otherwise assist in the preparation of the action for trial;

        ix.    Mediators retained by the parties; and

---

[1] Authorized representatives for Bonneville Hot Springs, Inc. are Perfil ("Peter") Cam and Gary Sorrels. Plaintiff-Intervenors have no designated representative, other than their attorney, and will not show documents to any future representatives without first consulting counsel for Bonneville and obtaining Bonneville's permission.

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

        x.    Such other persons as hereafter may be authorized by the Court upon motion of any party or upon stipulation of all parties as entered by the court.

    **c.**    Protected information identified in paragraph 1(c) may be delivered, exhibited or disclosed to the following persons subject to the limitations in paragraph (5) of this Protective Order:

        i.    Counsel representing the plaintiff in intervention and the Defendant in this case and any paralegal, clerical or other agent of such counsel assisting in the prosecution or defense of this litigation;

        ii.    The EEOC and counsel for the EEOC and any attorneys, staff, paralegals and legal interns/externs employed by the EEOC;

        iii.    Any copying services hired by counsel to copy documents in bulk;

        iv.    Any person testifying or attending a deposition subject to the limitations of paragraphs (4)(b) and (5) of this Protective Order;

        v.    Any person identified as having authored or having previously received the protected document(s);

        vi.    Independent experts who have been retained by a party to give expert testimony or otherwise assist in the preparation of the action for trial; and

        vii.    Such other persons as hereafter may be authorized by the Court upon motion of any party or upon stipulation of all parties as entered by the court.

    **d.**    If, at any time, counsel for any party believes it is necessary to disclose protected documents to persons other than those permitted by this Protective Order, said counsel must notify all named parties to this action in order to obtain the agreement of all parties for the disclosure. If counsel is unable to obtain the agreement of all counsel, said counsel may make an appropriate application to the Court requesting that the specifically identified document, response to discovery request or deposition testimony and any information contained therein, be excluded from the provisions of this Protective Order and

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

be available to specified other persons. The producing party shall be given notice and reasonable time to object to the disclosure.

**7.     Filing of Protected Documents:** Confidential documents or testimony may be referred to in pleadings, motions and briefs, and may be used in depositions and marked as deposition exhibits in this action, subject to the Court's requirements concerning confidential information.  Any party who wishes to impose a requirement on the parties to this agreement that any specified confidential document must be filed under seal shall, by motion or stipulation, seek an order from the Court accordance with Local Rule 3.9.

**8.     Producing Parties Use of Protected Documents:** Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

**9.     Disputes as to Confidentiality Designation:**

    **a.     Meet and Confer Requirement:** If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

    **b.     Protective Order:** If the dispute is not resolved through the meet-and-confer process, to be held within 5 days of notification of the receiving party's disagreement with the designation, the producing party will have 15 days to move the court for protection under the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the court either at one time or in as efficient a manner as possible.

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

      **c.**      **Status Pending Resolution of Dispute:** Any disputed document or other material must be treated as a protected document under this Protective Order until the court rules otherwise.

    **10.**    **Rights of Parties:** This Protective Order is without prejudice to the right of any party or third-party to apply to the court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order, including attorney-client privilege, work product immunity or any other privilege or protection under the law.

    **11.**    **Documents for Trial:** After the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of any specific document to be proffered at trial, and (b) to go designate such documents as trial exhibits. If necessary, the parties will suggest to the Court a method for maintaining the confidentiality of such information and documents at trial.

    **12.**    **Upon Case Completion:** Bonneville and plaintiff-intervenors, upon final determination of this action, including all appeals, have the option of either (a) destroying the documents protected under this Protective Order and any copies made in a confidential manner and providing producing party's attorney with a written affirmation of this action, or (b) returning the documents protected under this Protective Order and any copies made to the producing party's attorneys. Bonneville and plaintiff-intervenors will provide a written reminder of these obligations to each other within 30 days of the final determination of this action. The EEOC, upon case completion will treat documents marked confidential as subject to the Protective Order and will maintain those documents in a manner reasonably

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

calculated to preserve their confidentiality.

## ORDER

BASED ON THE FOREGOING, it is hereby

ORDERED that the foregoing Protective Order be and hereby is ENTERED.

DATED this 7th day of April 2008.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

**Presented by:**

SCHWABE WILLIAMSON & WYATT

By: /s/ Kelly M. Walsh
Attorneys for Defendant

**Approved as to form and content, with no objection, Notice of Presentation waived:**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: /s/ Teri L. Healy (via email consent)
Attorneys for Plaintiff

TERRY A. VENNEBERG

By: /s/ Terry A. Venneberg (via email consent)
Attorneys for Plaintiff Intervenor Gibbons

DOLAN GRIGGS, LLP

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551

| | |
|---|---|
| 1 | |
| 2 | By: /s/ David H. Griggs (via email consent)<br>Attorneys for Plaintiff Intervenor Sibbett |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

EEOC v. BONNEVILLE HOT SPRINGS, INC
Case No. 3:07-cv-05321-FDB - 1
Protective Order
PDX/111211/153051/KMW/2454744.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Vancouvercenter, 700 Washington Street,
Suite 701, Vancouver, WA 98660
360.694.7551