UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

    v.

BONNEVILLE HOT SPRINGS, INC., d/b/a
BONNEVILLE HOT SPRINGS RESORT &
SPA,

    Defendant.

Case No. C07-5321

ORDER GRANTING DEFENDANT'S
MOTION TO MODIFY AND
EXTEND PRE-TRIAL SCHEDULE

This matter comes before the Court on Defendant's motion to modify the pre-trial schedule by extending the discovery cut-off date from August 25, 2008 to September 26, 2008 and the deadline for filing dispositive motions from August 4, 2008 to October 3, 2008. The Court having reviewed the motion, responsive pleadings and the remaining record, does hereby grant the motion to modify the pre-trial dates as set forth in this Order.

**Introduction and Background**

On July 5, 2007, the Equal Employment Opportunity Commission (EEOC) initiated this action alleging that Defendant Bonneville Hot Springs, Inc. sexually harassed a former employee,

ORDER - 1

Christine Sibbett, and other similarly situated female employees. Ms. Sibbett's EEOC claim alleged discrimination by Kenneth Favela, the Food and Beverage manager for Bonneville Hot Springs Resort. On November 8, 2007, the EEOC filed its initial disclosure by identifying twenty individuals with discoverable information. The disclosure identified three individuals, Ms Sibbett, Heather Gibbons and Kista Larsen, as employees that were subjected to alleged discrimination by Kenneth Favela. On November 14, 2007 Ms. Sibbett filed a motion to intervene as Plaintiff-Intervenor. The Court granted this motion on December 3, 2007.

On December 4, 2007, this Court issued a Minute Order setting jury trial for November 10, 2008 and scheduling the following pre-trial dates: discovery cut-off July 14, 2008 and dispositive motions filed August 4, 2008.

On January 14, 2008, Heather Gibbons moved to intervene as party Plaintiff. This motion was granted by the Court on January 28, 2008. Defendant's initial discovery focused on the alleged discrimination of Kenneth Favela against the intervenor Plaintiffs Ms Sibbett and Ms. Gibbons. Depositions of Ms. Sibbett and Ms. Gibbons were conducted in April, 2008 and the deposition of Kenneth Favela on May 29, 2008.

At the request of Plaintiff- Intervenor Sibbett, the Court granted a stipulated motion to extend the discovery cut-off from July 14 to August 25, 2008. Inexplicably, this motion did not request an extension of the dispositive motion cut-off beyond the August 4, 2008 filing deadline.

Rule 39.1 mediation was scheduled for June 2, 2008. On May 30, 2008 the EEOC provided Defendant with its mediation statement which informed Defendant that suit would include claims of six "similarly situated females employees" alleging sex discrimination against Pete Cam, owner of Bonneville Hot Springs Resort.

In light of the allegations of theses newly disclosed claimants, Defendant sought to schedule their depositions. Due to scheduling conflicts, these depositions could not be conducted prior to the expiration of the discovery cut-off, August 25, 2008. The parties' attempt to enter into a stipulation

ORDER - 2

to extend the discovery to permit the additional depositions was unsuccessful. This motion followed.

**Standards For Extending Pre-trial Deadlines**

Rule 16 of the Federal Rules of Civil Procedure governs deadlines and dates set by the court. A scheduling order controls the subsequent course of an action unless it is modified by the court. Fed. R. Civ. P. 16(e); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). A scheduling order cannot be modified "except upon a showing of good cause." Fed. R. Civ. P. 16(b); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment, and the court may modify the scheduling order if it cannot reasonably be met despite the diligence of the party seeking the extension. Johnson, at 609. A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order. Zivkovic, at 1087. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Johnson, at 609. The decision to modify a scheduling order is within the broad discretion of the district court. Johnson, at 607; Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).

The Court finds that Defendant has made a sufficient showing of good cause for a modest modification of the discovery schedule. Although Defendant's diligence in obtaining discovery is not without fault, it appears at least marginally reasonable that discovery was initially confined to the conduct of Kenneth Favela. It was not until initiation of the mediation process, some ten months after the filing of the lawsuit, that Defendant became aware that the EEOC was pursuing claims against Pete Cam, owner of Bonneville Hot Springs Resort. At this late date, scheduling conflicts of counsel prevented the taking of the depositions of the newly disclosed claimants. Accordingly, the Court will grant an extension of discovery cut-off from August 25, 2008 to September 19, 2008.

Defendant further requests an extension of the cut-off for filing dispositive motions. The

ORDER - 3

Court finds it appropriate to permit the parties to file dispositive motions subsequent to the close of discovery. Requiring the filing of summary judgment motions prior to the expiration of the discovery process is illogical. The primary concern at this date is the potential prejudice to the Court's scheduled trial date of November 10, 2008. With these considerations in mind, the Court will grant an extension of the date for filing and serving dispositive motions until September 25, 2008. The parties are cautioned that consideration of any additional requests for extensions of the pre-trial schedule will necessitate the re-noting of the trial date.

**Conclusion**

Based on the foregoing, it is

ACCORDINGLY;

ORDERED:

Defendant's Motion to Modify and Extend Pre-trial Schedule [Dkt. #31] is **GRANTED** as follows: **Discovery cut-off is extended to September 19, 2008. Dispositive motions shall be served and filed no later than September 25, 2008.**

DATED this 19th day of August, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4