UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

  v.

BONNEVILLE HOT SPRINGS, INC., d/b/a
BONNEVILLE HOT SPRINGS RESORT &
SPA,

    Defendant.

Case No. C07-5321

ORDER ON MOTION FOR LEAVE
TO WITHDRAW AS COUNSEL AND
ORDER TO SHOW CAUSE

This matter comes before the Court on two related motions. First, Bradley W. Andersen, and all attorneys of the law firm of Schwabe, Williamson & Wyatt, P.C., move for leave to withdraw as attorneys of record for Defendant Bonneville Hot Springs, Inc., d/b/a Bonneville Hot Springs Resort and Spa (Bonneville). Second, the Equal Employment Opportunity Commission (EEOC) moves for the issuance of an order to show cause why Defendant Bonneville should not be held in contempt for failure to comply with the Consent Degree. The Court having reviewed the motion, responsive pleadings and the remaining record, does hereby grant the motion to withdraw and further orders Defendant to appear with new counsel and respond to the EEOC's motion to show cause on or before March 13, 2009.

**Introduction and Background**

On July 5, 2007, the Equal Employment Opportunity Commission (EEOC) initiated this action alleging that Defendant Bonneville Hot Springs, Inc. sexually harassed a former employee,

1 Christine Sibbett, and other similarly situated female employees. A final settlement and Consent

2 Decree was entered in the case on August 19, 2008. Under the terms of the Consent Decree,

3 Bonneville was to adopt certain policies, provide training and perform other administrative matters.

4 Bonneville was also required to pay a total of $470,000.00 in damages to "individuals named by the

5 EEOC." The first payment was of $300,000.00 was made. However, the balance of $170,000.00,

6 due on or before December 16, 2008, was not forthcoming and apparently remains overdue.

7 Subsequent to the entry of the Consent Decree, Bonneville notified Bradley W. Andersen

8 and Schwabe, Williamson & Wyatt, P.C. that it no longer wished to be represented by the firm and

9 all correspondence regarding Bonneville and the settled EEOC claims were to be forwarded to

10 Bonneville. Defense counsel states that Bonneville is claiming that counsel lacked the authority to

11 enter into the Consent Decree

12 Apparently, Bonneville owes Bradley W. Andersen and Schwabe, Williamson & Wyatt,

13 P.C. a large sum of money for the legal services provided on its behalf and has been unable to pay

14 this bill. Mr. Bradley communicated to his client Bonneville, that Schwabe, Williamson & Wyatt,

15 P.C., would respect its request to terminate representation. Mr. Bradley also advised Bonneville

16 that they would have to retain counsel for any future court appearance.

17 Subsequently, the EEOC has moved for the issuance of a show cause order that Bonneville

18 appear before this Court and show cause why it should not be held in contempt for failure to pay the

19 amounts due pursuant to the terms of the Consent Decree.

**Withdraw of Counsel**

This Court's Local General Rule 2(g)(4) provides:

(A) No attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court. . . . A motion for withdrawal . . . . shall include a certification that the motion was served on the client and opposing counsel. . . .

The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case.

(B) If the attorney for a corporation is seeking to withdraw, the attorney shall certify to the court that he or she has advised the corporation that it is

required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in dismissal of the corporation's claims for failure to prosecute and/or entry of default against the corporation as to any claims of other parties.

It appears that Mr. Andersen and Schwabe, Williamson & Wyatt, P.C. has complied with this rule. Mr. Andersen certifies that he advised Defendant Bonneville that it is required by law to be represented by counsel in court. Mr. Andersen has also notified opposing counsel. It appears that Bonneville has expressed its intention to terminate the services of counsel and may be asserting a lack of authority of counsel to enter into the Consent Decree. Under these circumstances , the Court will permit Mr. Andersen and Schwabe, Williamson & Wyatt, P.C., to withdraw as counsel effective on the date of this Order.

**Response to Application for Show Cause**

Bonneville is required to be represented by counsel before this Court. Accordingly, Bonneville is directed to obtain new counsel and respond, no later than March 13, 2009, to the application for issuance of a show cause order. Failure of counsel to appear and respond to the motion to show cause on or before March 13, 2009, will result in the imposition of monetary sanctions and the likelihood of a decree of default on the outstanding balance owed on the Consent Decree.

**It is so ORDERED**.

DATED this 27th day of February, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE